UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEANDRA KING, on behalf of herself and those similarly situated,

CASE NO.:

      Plaintiff,

vs.

NEW GENERATION HEALTH SVCS, INC., A GEORGIA CORPORATION,

      Defendant.
_____/

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEANDRA KING, on behalf of herself and those similarly situated, sues the Defendant, NEW GENERATION HEATLTH SVCS, INC., and alleges:

1.    Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

GENERAL ALLEGATIONS

2.    Plaintiff has worked for Defendant since approximately October

2016.

3. Plaintiff has worked for Defendant as a Personal Care Assistant performing home health aide activities for customers of Defendant.

4. Defendant is a health care services company with its principal place of business in Stockbridge, Georgia, which is in Henry County, Georgia and within the jurisdiction of this Court.

5. This action is brought under the FLSA to recover from Defendant unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated employee who was not paid full and complete overtime compensation by Defendant.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

7. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

8. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

9. Included in such goods, materials and supplies were computers, telephones, office equipment/supplies and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

10. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

11. At all times relevant to this action, Defendant failed to comply with the FLSA by failing to pay Plaintiff and other similarly situated employees complete overtime compensation.

12. During her employment with Defendant, Plaintiff and other similarly situated employees performed home health aide type duties, assisting patients with care of themselves.

13. Defendant would pay Plaintiff and these similarly situated employees directly and assign them to different patient's homes on an as-needed basis.

14. Plaintiff and other similarly situated employees routinely worked overtime hours for Defendant.

15. However, instead of being paid time and one-half their rate of pay for overtime hours worked, Defendant would pay Plaintiff and other similarly

situated employees straight time pay for overtime hours worked.

16. Defendant would pay Plaintiff's overtime hours at straight time and label them "commissions" on her check stub.

17. Defendant has violated the FLSA due to its above described pay practices in failing to pay Plaintiff and other similarly situated employees time and one-half of their hourly rate for overtime hours worked.

18. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME WAGES

19. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above.

20. Plaintiff and those similarly situated employees were entitled to be paid overtime compensation for overtime hours worked.

21. During their employment with Defendant, Plaintiff and those similarly situated employees worked overtime hours but were only paid their regular hourly rate instead of time and one-half their hourly rate for those overtime hours worked.

22.     Defendant did not have a good faith basis for its decision to not pay Plaintiff and those similarly situated employees complete and proper overtime compensation for overtime hours worked.

23.     Because of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated employees proper compensation, Plaintiff and those employees have suffered damages plus incurring reasonable attorneys' fees and costs.

24.     Because of Defendant's willful violation of the FLSA, Plaintiff and the similarly situated employees are entitled to liquidated damages.

25.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KEANDRA KING, demands judgment against Defendant for unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 13th day of November, 2017.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979

Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email:      RMorgan@forthepeople.com
*Attorneys for Plaintiff*