## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between Keandra King, on behalf of herself, her heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "King") and NEW GENERATION HEALTH SVCS, INC., and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, King and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Wallace.

WHEREAS, King was allegedly employed by NEW GENERATION HEALTH SVCS, INC.;

WHEREAS, King filed a lawsuit for unpaid overtime compensation, styled *KEANDRA KING, on behalf of herself and those similarly situated v. NEW GENERATION HEALTH SVCS, INC.,* Case No. 1:17-cv-4785-MHC, United States District Court, Northern District of Georgia  (hereinafter referred to as "the lawsuit").

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.    Payment.  The Released Parties agree to pay to King the total amount of One Thousand One Hundred Seventy Five and 26/100 Dollars ($1,175.26) and to her counsel Two Thousand Dollars ($2,000.00), allocated as follows:

A.    $587.63 made payable to Keandra King representing unpaid wages. This amount shall be treated as wages with the applicable taxes and legal deductions made;

B.    $587.63 made payable to Keandra King representing liquidated damages.  This amount shall be treated as 1099 income with no deductions made; and

C.    $2,000.00 made payable to her attorneys, Morgan & Morgan, P.A. for attorneys' fees and costs.

The settlement payments described above will be due in Plaintiff's counsel's office, c/o Ryan Morgan, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801, within seven (7) days of the Order of the District Court approving this settlement.

2.    Dismissal.  King and The Released Parties agree to file a Joint Motion to Approve Settlement in the District Court seeking approval of this settlement and dismissal of the action with prejudice.  King agrees that once this matter is approved and

that upon receipt of the above mentioned funds, she will have released all claims under the Fair Labor Standards Act, 29 U.S.C. § 201.

      3.      <u>Taxes</u>. Each payor of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

      4.      <u>No Liability.</u>  By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

      5.      <u>Attorney's Fees</u>. Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

      6.      <u>Authority.</u>  King represents and warrants that she is authorized to enter into and that she has the authority to perform the terms of this Agreement.  King represents and warrants that she has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the claims release herein.

      7.      <u>Invalidity and Severability</u>.  If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

      8.      <u>Counterparts.</u>  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together

shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

9. <u>Binding Effect.</u> This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

10. <u>Remedies for Breach</u>. In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

11. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

12. <u>Entire Agreement</u>. Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

13. <u>Drafting</u>. The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

4

14.    <u>Change in Circumstance.</u>  The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into.  The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

15.    <u>Consultation with Counsel</u>.  King acknowledges that she has been advised to consult an attorney prior to signing this agreement.  King understands that whether or not she consults with an attorney is her decision.  In this respect, King has consulted with and been advised by C. Ryan Morgan, Esquire in this matter who has explained to her all of her options in connection with this Agreement.

16.    <u>Acknowledgment</u>.   This Agreement, consisting of five (5) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

Date:_____2/23/2018_____.        _____
                                            Keandra King


                                            NEW GENERATION HEALTH SVCS, INC.

Date:_____.        _____
                                            By:

5

14.     Change in Circumstance.  The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into.  The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

15.     Consultation with Counsel.  King acknowledges that she has been advised to consult an attorney prior to signing this agreement.  King understands that whether or not she consults with an attorney is her decision.  In this respect, King has consulted with and been advised by C. Ryan Morgan, Esquire in this matter who has explained to her all of her options in connection with this Agreement.

16.     Acknowledgment.   This Agreement, consisting of five (5) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

Date:_____        _____
                                       Keandra King


NEW GENERATION HEALTH SVCS, INC.

Date: 02 - 19-2018        _____
                          By: Jacob Nehikhuere - CEO

5

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between Jacqueline Johnson, on behalf of herself, her heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Johnson") and NEW GENERATION HEALTH SVCS. INC., and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Johnson and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Wallace.

WHEREAS, Johnson was allegedly employed by NEW GENERATION HEALTH SVCS, INC.;

WHEREAS, Johnson joined a lawsuit for unpaid overtime compensation, styled *KEANDRA KING, on behalf of herself and those similarly situated v. JNEW GENERATION HEALTH SVCS, INC.,* Case No. 1:17-cv-4785-MHC, United States District Court, Northern District of Georgia  (hereinafter referred to as "the lawsuit").

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.    Payment.  The Released Parties agree to pay to Johnson the total amount of One Thousand Four Hundred Fifty Seven and 76/100 Dollars ($1,457.76) and to her counsel Two Thousand Dollars ($2,000.00), allocated as follows:

A.   $728.88 made payable to Jacqueline Johnson representing unpaid wages. This amount shall be treated as wages with the applicable taxes and legal deductions made;

B.   $728.88 made payable to Jacqueline Johnson representing liquidated damages. This amount shall be treated as 1099 income with no deductions made; and

C.   $2,000.00 made payable to her attorneys, Morgan & Morgan, P.A. for attorneys' fees and costs.

The settlement payments described above will be due in Plaintiff's counsel's office, c/o Ryan Morgan, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801, within seven (7) days of the Order of the District Court approving this settlement.

2.    Dismissal. Johnson and The Released Parties agree to file a Joint Motion to Approve Settlement in the District Court seeking approval of this settlement and dismissal of the action with prejudice.  Johnson agrees that once this matter is approved and that upon receipt of the above mentioned funds, she will have released all claims under the Fair Labor Standards Act, 29 U.S.C. § 201.

3.    Taxes. Each payor of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

4.    No Liability.   By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

5.    Attorney's Fees.  Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

2

6.     Authority.  Johnson represents and warrants that she is authorized to enter into and that she has the authority to perform the terms of this Agreement.  Johnson represents and warrants that she has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the claims release herein.

7.     Invalidity and Severability.  If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

8.     Counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.  Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

9.     Binding Effect.  This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

10.    Remedies for Breach.  In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity.  The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

3

11.     <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

12.     <u>Entire Agreement</u>.   Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

13.     <u>Drafting</u>.  The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement.   No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

14.     <u>Change in Circumstance.</u>  The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into.   The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

15.     <u>Consultation with Counsel</u>.   Johnson acknowledges that she has been advised to consult an attorney prior to signing this agreement.   Johnson understands that whether or not she consults with an attorney is her decision.   In this respect, Johnson has

4

consulted with and been advised by C. Ryan Morgan, Esquire in this matter who has explained to her all of her options in connection with this Agreement.

16. <u>Acknowledgment</u>.   This Agreement, consisting of five (5) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

Date: 2·21·2018

Jacqueline Johnson

NEW GENERATION HEALTH SVCS, INC.

Date:

By:

5

consulted with and been advised by C. Ryan Morgan, Esquire in this matter who has explained to her all of her options in connection with this Agreement.

16.     Acknowledgment.    This Agreement, consisting of five (5) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

Date:_____

_____
Jacqueline Johnson


Date: 02-19 - 2018

NEW GENERATION HEALTH SVCS, INC.

By: JACOB NETHIKHUERE - CEO

5